IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 10, 2017

## ANTHONY DODSON v. BLAIR LEIBACH, WARDEN

**Appeal from the Circuit Court for Trousdale County**
**No. 2016-CV-4540  John D. Wootten, Jr., Judge**

_____

### No. M2016-00578-CCA-R3-HC

_____

Petitioner, Anthony Dodson, appeals from the trial court's summary dismissal of his *pro se* petition for writ of habeas corpus in which he alleged that his conviction for attempted first degree murder is illegal.  After a thorough review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

Anthony Dodson, Hartsville, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; and Tom P. Thompson, Jr., District Attorney General, for the appellee, State of Tennessee.

### OPINION

*Background*

Petitioner was convicted by a Shelby County jury of attempted first degree murder, a Class A felony, and sentenced to twenty-five years as a Range I standard offender.  On appeal this court affirmed the conviction and sentence. *State v. Anthony Dodson*, No. W2009-02568-CCA-R3-CD, 2011 WL 2176581 (Tenn. Crim. App. June 2, 2011).  Petitioner filed a petition for post-conviction relief. *Anthony Dodson v. State*, No. W2012-00567-CCA-R3-PC, 2013 WL 1187938 (Tenn. Crim. App. Mar. 21, 2013).  After a hearing, the trial court dismissed the petition, and this court affirmed the dismissal. *Id*.

On July 13, 2016, Petitioner filed a petition for writ of habeas corpus alleging that count two of his indictment, charging him with theft, was dismissed upon motion of the State. Count one charged attempted first degree murder, and he was convicted by a jury. Petitioner alleged that the trial court lost jurisdiction in count one when that charge was not resubmitted to the grand jury after count two was dismissed. The habeas corpus court summarily dismissed the petition without a hearing. In its order the court stated:

> The Petitioner's chief complaint is that the State requested that count two of the indictment alleging a theft in the original case divested the trial court of its jurisdiction. The petitioner argues that the indictment should have been re-submitted to the Grand Jury. The petitioner cites no authority for his position.
>
> The State may terminate a prosecution by filing a dismissal of an indictment or a portion thereof. This dismissal may only be with the court's permission. See Rule 48, Tenn. R. Crim. P. In essence, the petitioner originally faced a trial on two counts. He was convicted of [attempted] first-degree murder. The State dismissed the second count alleging theft prior to trial. Obviously this dismissal inured to his benefit inasmuch as the petitioner did not have to defend that charge nor, if convicted, was he subjected to additional punishment. A dismissal of one count of an indictment does not render a judgment on another valid count void. The trial court's ability to dismiss a case ratifies its jurisdiction. This judgment is not void. The petitioner's argument lacks merit.

*Analysis*

On appeal, Petitioner argues that the trial court erred by summarily dismissing his petition for habeas corpus relief. He asserts that after count two was dismissed, the indictment was not "submitted back to the grand jury to remove the theft charge from the grand jury indictment."

The right to habeas corpus relief is available "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007) (quoting *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993)). In contrast to a post-conviction petition, a habeas corpus petition is used to challenge void and not merely voidable judgments. *Summers*, 212 S.W.3d at 255-56. A voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity. *Id.* at 256; *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). A void judgment "is one in which the judgment is facially invalid

- 2 -

because the court lacked jurisdiction or authority to render the judgment." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn.1999); *Dykes*, 978 S.W.2d at 529.

A petitioner bears the burden of proving a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of counsel and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *See Summers*, 212 S.W.3d at 260; *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

The determination of whether habeas corpus relief should be granted is a question of law. *Summers*, 212 S.W.3d at 255; *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Therefore, our review is *de novo* with no presumption of correctness given to the findings and conclusions of the lower court. *Summers*, 212 S.W.3d at 255; *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006). The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers*, 212 S.W.3d at 260; *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165; T.C.A. § 29-21-107.

Petitioner's argument that "he's being held on a void indictment and judgment because the convicting court did not have jurisdiction to proceed once the true bill indictment was changed or struck" is without merit. As pointed out by the trial court and the State, Rule 48 of the Tennessee Rules of Criminal Procedure provides: "(a) By the State. – With the court's permission the state may terminate a prosecution by filing a dismissal of an indictment, presentment, information, or complaint. A dismissal may not be filed during the trial without the defendant's consent." There is no requirement that a multi-count indictment be re-submitted to the grand jury when one count of the indictment is voluntarily dismissed.

It is obvious that nothing in the record indicates that Petitioner's conviction or sentence is void. The habeas corpus trial court may summarily dismiss a habeas corpus petition without an evidentiary hearing if there is nothing on the face of the record or judgment to indicate that the conviction or sentence are void. *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994); *see also* Tenn. Code Ann. § 29-21-109 (2010 Repl.). Petitioner is not entitled to relief on appeal. The judgment of the habeas corpus trial court is affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE